# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Jose Castillo Hernandez,<br><br>Defendant. | CR 23-01636-TUC-RCC (JR)<br><br>**RESTITUTION ORDER** |

Judgment and Commitment having been previously issued in this case with Restitution: TBD (Doc. 35), and the parties having agreed to restitution amount and terms in a Restitution Agreement filed with the Court as the First Motion to Alter Judgment via Restitution Agreement (Doc. 38),

**IT IS HEREBY ORDERED** that the defendant shall pay the Clerk, in addition to any $100 special assessment previously assessed, restitution in a total amount of $11,339.88 pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A, for a total monetary penalty amount of $11,439.88.

The defendant shall pay restitution to the following victims, via the Clerk, in the following amounts: S.L., in the amount of $4,191.11, and S.M.L., in the amount of $7,148.77.

The defendant shall pay a total of $11,439.88 in criminal monetary penalties, due immediately and subject to immediate enforcement by the United States, pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A. Having assessed the defendant's ability to pay, payments of the total criminal monetary penalties are due as follows: Balance is due in equal monthly

installments of $1,000 per month to commence 30 days after the defendant's release from the Bureau of Prisons. This schedule of payments are minimum payments per month and shall not limit the methods available to the United States to enforce the judgment pursuant to the collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*, 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

The defendant has waived his right to appeal any order of this Court related to restitution. Furthermore, the defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligation will be submitted to the United States Treasury for offset (which will not affect any periodic payment schedule). The defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program pursuant to the payment schedule specified in the Judgment and Commitment (Doc. 35).

The defendant shall provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing. The defendant shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release. Said disclosure shall include the financial condition of all household members, including but not limited to that of a spouse and/or any children. The U.S. Attorney's Office, including the Financial Litigation Program, shall be allowed to inspect and copy all financial documents and information held by the U.S. Probation Office. The defendant shall fully cooperate with the government and the probation officer to execute such documentation as necessary to secure assets to be applied to restitution owed by the defendant.

Dated this 9th day of August, 2024.

_____
Honorable Raner C. Collins
Senior United States District Judge