IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Jose Castillo Hernandez,

    Petitioner,

v.                                    Case No. 23-CR-01636-RCC-JR

United States of America,

    Respondent,

## MOTION OBJECTING TO THE GARNISHMENT PROCEEDINGS

    Comes Now, Jose Castillo Hernandez, the Petitioner, pro se, See <u>Haines v. Kerner</u>, 404 U. S. 519, 520-21 L. Ed. 2d 652, S. Ct. 594 (1972). The United States Supreme Court holds allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers. See also <u>Erickson v. Pardus</u>, 551 U. S. 87, 94 (2007). Filings of a pro se defendant must be construed more liberally than formal pleadings drafted by lawyers. Petitioner in this case makes his objections to the garnishment proceedings as follows:

    (1). Petitioner asserts the government in this case has no right to initiate the garnishment proceedings because the District Court's restitution order. See Restitution Order (Doc. # 40 Pg. # 1-2 filed on August 9, 2024). Which states: "Having assessed the defendant's ability to pay, payments of the total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $ 1000 per month to commence 30 days after the defendant's release from the Bureau of Prisons".

    (2). If this Court allows the government to garnish the $ 11,439.88

out of his Wells Fargo Back account the garnishment of $ 11,439.88 will be considered a violation of the restitution order entered into the record on August 9, 2024. In which this Court has issued in its order a schedule of payments in this case in which the payments are due after the Petitioner is released from the Bureau of Prisons. See Restitution Order (Doc. # 40 Pg. # 1-2). Which states: "Balance is due in equal monthly installments of $ 1000 per month to commence 30 days after the defendant's release from the Bureau of Prisons".

(3). Petitioner asserts that he has not been released from the Bureau of Prisons. Therefore, the government in this case had no right to initiate the garnishment proceedings in the first instance because this Court issued a scheduled payment in this case due monthly in installments at $ 1000 per month to commence 30 days after the Petitioner is released from the Bureau of Prisons as stated above.

(4). Petitioner in this case received the notice of post judgment garnishment on November 20, 2024. See Exhibit # 1 (Certified letter received from the United States Attorney's Office which was the Clerk's notice of post judgment garnishment). According to the clerk's notice of post judgment garnishment. See Clerk's Notice of Post Judgment Garnishment (Doc. # 44-1 Pg. # 1-2). Which states: "If you want to hearing, you must notify the court within 20 days after receipt of this notice. Your request must be in writing." "The hearing will take place within 10 days after the clerk receives your request, if you ask for it to take place that quickly, or as soon after as possible. At the hearing you may explain to the judge why you think you don't owe the money to the government. If you do not request a hearing within 20 days of receiving this notice, your property may be sold ... said funds will be applied to the debt you owe the government".

(5). Petitioner asserts that there are victims in this case. See Restitution Order (Doc. # 40 Pg. # 1). Which states: "The defendant shall pay restitution to the following victims, via clerk in the following amounts S.L., in the amount of $ 4,191.11, and S.L.M., in the amount of $ 7,148.77". Therefore, the Petitioner makes an objection that he owes the government. See Clerk's Notice of Post Judgment Garnishment (Doc. # 44-1 Pg. # 2)

Which states: "At the hearing you may explain to the judge why you think you don't owe the money to the government".

(6). Petitioner asserts pursuant to the procedures for the application of this writ the government did not have a right to initiate pursuant to 28 U.S.C. 3205(c)(4)(A)-(D) Answer of the garnishee. In its written answer to the writ of garnishment, the garnishee shall state under oath -

Petitioner asserts that he does not have control of such property that is in his Wells Fargo Bank account. The value of such interest at this present time in the Wells Fargo Bank account is approxiately $ 34,000 including the brokerage account the amount in the brokerage account is unknown because this brokerage account is an investment account. Petitioner asserts that he does not have any previous garnishments and the amount that he owes the victims this Court has already set a payment schedule to commmence 30 days after the Petitioner is release from the Bureau of Prisons in equal monthly installments of $ 1000 per month.

(7). Petitioner asserts the government may file written objections to this motion objecting to the garnishment proceedings pursuant to 28 U.S.C. 3205(c)(5) Objections to the answer. Within 20 days after receipt of the answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden or proving such grounds. A copy of the objection and request for a hearing shall be served on the garnishee and all other interested parties. The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon as thereafter as is practicable, and give notice of the hearing date to all parties.

(8). Petitioner asserts that he objects to the garnishment proceedings in its entirety because there has been a schedule of payments issued by this Court in its restitution order as stated herein this motion objecting to these garnishment proceedings. The government in this case should not be allowed to take any of my property located in the Petitioner's Wells Fargo Bank account without a hearing in this matter. If this Court allows the

the government to take any of the Petitioner's property from the Wells Fargo Bank account the taking of the proprty without a hearing will constitute a violation of Petitioner's due process of law in this case.

## REQUESTED RELIEF

Therefore, Petitioner respectfully request this Honorable Court to hold a hearing in this matter pursuant to the Clerk's notice of post judgment garnishment. See Clerk's Notice of Post Judgment Garnishment (Doc. # 44-1). Which states: "The hearing will take place within 10 days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible". Petitioner respectfully request a hearing in accordance with the clerk's notice within 10 days after the clerk receives this motion objecting to the garnishment proceedings or as soon after as possible. Any other relief this Honorable Court deems appropriate under the circumstances.

## CERTIFICATE OF SERVICE

I, Jose Castillo Hernandaz, hereby certify that the foregoing motion objecting to the garnishment proceedings has been forwarded to the below listed individual VIA, U. S. mail delivered to the institutional mail room.

Served: United States Attorney
Financial Litigation Program
405 West Cogress Street, Suite # 4900
Tucson, AZ 85701-5041

Respectfully Submitted this 9th day of December, 2024.

Exhibit #1

U.S. Department of Justice

United States Attorney
District of Arizona, FLU
405 West Congress, Suite 4900
Tucson, Arizona 85701-5041

Official Business
Penalty for Private Use $300

PROCESS SERVICE REQUESTED

DATE REC'D  1-20-24
TIME REC'D  2:00P
ISM INITIALS  AD

DATE DEL'D  11/21/24
TIME DEL'D  1:36 Gm
UNIT INITIALS  pm

7018 0360 0000 6426 2854

04

JOSE CASTILLO HERNANDEZ #84927-510
EDGEFIELD FCI
P O BOX 725
EDGEFIELD SC 29824

Jose Castillo Hernandez #84927510
Federal Prison Camp Edgefield
PO Box 725
Edgefield, SC 29824

ATLANTA GA RPDC 302
9 DEC 2024 PM 7 L

⇔84927-510⇔
United States Attorney
Financial Litigation Prog
405 W Congress ST
Suite # 4900
Tucson, AZ 85701-5041
United States

85701-504125