# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-23-01636-001-TUC-RCC (JR) |
|---|---|
| Plaintiff, | |
| v. | **GARNISHMENT DISPOSITION ORDER** |
| Jose Castillo Hernandez, | |
| Defendant. | |

On June 18, 2024, the Court sentenced Defendant Jose Castillo Hernandez but delayed a restitution determination. (Doc. 35.) The Government submitted a restitution agreement wherein Defendant agreed to pay restitution in the amount of $11,439.88 on a payment schedule of $1,000.00 per month, to commence 30 days after Defendant's release from prison. (Doc. 38.) Defendant also agreed to "waive his right to appeal *any order* of the district court *relating to restitution so long as the restitution amount ordered is not greater than the amount specified* as the exact amount contained in this agreement" and that "whatever monetary penalties or restitution are imposed by the Court *will be due immediately*." (*Id.* at 2 (emphasis added); Doc. 40.) Moreover, Defendant agreed to disclose "all current and projected assets." (Doc. 40.) The Court signed the restitution order on August 9, 2024. (*Id.*)

On October 18, 2024, the Government filed an Application for Writ of Garnishment, stating that "[t]he Garnishee [Wells Fargo Bank, National Association] is believed to have possession of property in which the Debtor/Defendant has a substantial nonexempt interest,

and it is believed that Garnishee will continue to have possession of property for which Garnishee is or may become indebted to the Debtor/Defendant." (Doc. 43.)

A Writ of Garnishment, directed to the Garnishee Wells Fargo, has been duly issued and served upon Garnishee Wells Fargo. (Doc. 44.) Pursuant to the Writ of Garnishment, Garnishee Wells Fargo filed an Answer on November 13, 2024, stating that, at the time of the service, the Garnishee had in its possession non-exempt earnings belonging to and due the Defendant and that the Garnishee was indebted to the Defendant. (Doc. 46.)

On November 14, 2024, the United States of America notified the Defendant of his right to a hearing, it was received by Edgefield FCI (where Defendant is incarcerated) on November 20, 2024 (Doc. 47 at 2), and Defendant mailed a Motion Objecting to the Garnishment Proceedings on December 9, 2024 (Doc. 48). Defendant objects, stating that no writ of garnishment should issue because the original Garnishment Order determined payment should begin after he was released. (Doc. 49 at 2.) He admits the Wells Fargo bank account is "his." (*Id.*) He also admits he owes restitution in the amount listed above. (*Id.* at 2–3; Doc. 38 at 1.) While Defendant claims "he does not have control of such property that is in his Wells Fargo Bank account," he admits there is $35,000 in *his* account, including investments. (Doc. 49 at 3.)

"A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in his possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). The debtor may object to the garnishee's answer within 20 days of receipt. *Id.* § 3205(b)(5). However, the party objecting bears the burden of showing that the basis of his objection precludes the issuance of the writ. *Id.*

Defendant has provided no basis for his claim that the writ should not issue. Pursuant to the Clerk's Notice of Post Judgment Garnishment, Defendant "[has] a right to ask the court to return your property to you if you think you do not owe the money to the Government that it claims you do, or if you think the property the Government is taking qualifies under one of the exemptions." (Doc. 44-1 at 1.) Defendant has made neither of

these arguments. In addition, because the restitution sum remains the same and Defendant agreed that the sum was due immediately, he has waived any objection to the timing of the garnishment.

Finally, had the Court known at the time of issuance of the first writ of garnishment that Defendant had the ability to pay through the funds in the Wells Fargo account, the Court would not have ordered any delay in garnishment at that time.

IT IS ORDERED the Government's Motion for Entry of Garnishment Order is GRANTED (Doc. 47) and Defendant Jose Castillo Hernandez's Motion Objecting to the Garnishment Proceedings is DENIED (Doc. 49).

IT IS FURTHER ORDERED that the Garnishee pay the sum of $11,439.88 of the Defendant's non-exempt earnings to the Plaintiff to pay this debt in full. The check should be made payable to: Clerk of Court, U.S. District Court, Attn: Finance Division, 401 W. Washington St., SPC 1, Suite 130, Phoenix, Arizona 85003-2118.

Checks should include the Defendant's name and Court number.

Dated this 19th day of December, 2024.

_____
Honorable Raner C. Collins
Senior United States District Judge

cc: Finance